UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

DAVID BREITLING,

               Plaintiff,

      -against-                                24-cv-4704 (CM) (OTW)

AMAZON WEB SERVICES and
RANDY BRADLEY,

               Defendants.

———————————————————————————— X

## DECISIONS ON MOTIONS *IN LIMINE*

McMahon, J.:

      The court, for its decisions on the parties' motions *in limine*:

Plaintiff's Motion *in limine*:

      <u>Motion #1</u>: Plaintiff moves *in limine* (Dkt. No. 63) for an order excluding evidence about a prior complaint of discrimination that was alleged lodged by one or more third parties against Plaintiff. The motion is GRANTED. The court has reviewed the evidence, which could only come in pursuant to Fed. R. Evid. 404(b), and I conclude that it would never be admitted pursuant to that rule. Since it serves no 404(b) function (and none is identified by Defendants), I conclude that it would be both irrelevant (since Plaintiff's conduct vis-à-vis other employees is not evidence tending to negate Defendants' conduct vis-à-vis Plaintiff) and unduly prejudicial with virtually no probative value, which renders it inadmissible pursuant to Fed. R. Evid. 403. It is therefore excluded.

Defendants' Motions *in limine*:

      <u>Motion #1</u>: Defendants move *in limine*, Dkt. No. 65, for an order bifurcating consideration of punitive damages and barring any references to punitive damages until such time as the jury returns a verdict in Plaintiff's favor awarding actual damages and finding malice by clear and convincing evidence. The motion is DENIED. It is not the practice of this court to bifurcate actual and punitive damages, and there is no reason to do so in this case. I venture to suggest that it will be hard to find a single juror in this district who is not aware that Amazon commands substantial resources. However, I am perfectly capable of charging a jury in order to eliminate any bias that Defendants fear their wealth may cause them to incur. I do not understand Plaintiff's response to

this motion, which does not address the grounds asserted, but as I have denied the motion there is no need for a supplemental response.

Motion #2: Defendants move *in limine*, Dkt. No. 66, to estop Plaintiff from asserting new claims or theories at the trial. Specifically Defendants ask the court to estop Plaintiff from claiming that he was discriminated against on the basis of race or color, or retaliated against on that basis. The motion is MOOT, since Plaintiff does not intend to raise any other basis for discrimination. *See* Dkt. No. 80.

Motion #3: Defendants move *in limine*, Dkt. No. 67, to preclude Plaintiff from introducing evidence about claims by third parties about discrimination (specifically gender discrimination) against either Defendant. The motion is GRANTED. Evidence about a claim of gender discrimination from a third party that was allegedly known to Plaintiff – and that he allegedly brought to the attention of Human Resources at AWS – is not logically or reasonably tied to the allegations of discrimination against Plaintiff; has not been shown to involve an individual who is similarly situated to Plaintiff, and will unnecessarily confuse the trier of fact. There is plenty of evidence in the record about Bradley's interactions with Plaintiff; there is no need for "prior bad acts" evidence concerning other individuals, the introduction of which would violate Fed. R. Ev. 404(b). This is especially true since I have not been given to understand that Plaintiff was discharged on the basis of any of the complaints that are attached to the Declaration in Opposition of Imani D. Gunn, Esq. Dkt. No. 83. I do not understand the reference in the moving papers to evidence about non-Chileans who were placed in FOCUS or PIVOT improvement programs. Plaintiff is of course free to introduce evidence that non-Chileans who committed infractions at work or whose performance was unsatisfactory were not placed in improvement programs; such evidence is common in cases of this type. But Plaintiff must have evidence that the individuals he identifies actually committed infractions or performed in an unsatisfactory manner; his own opinion on that score is not relevant. We will discuss this at the final pretrial conference.

Motion #4: Defendants move *in limine* to preclude Plaintiff from offering testimony about "any purported diagnosis or causation or symptoms" in support of his claim for emotional distress damages. Dkt. No. 68. Plaintiff has not designated a medical expert and he has not listed a treating physician among his witnesses. Plaintiff may testify based on his own experience about symptoms of anxiety from which he has purported to suffer since the events in suit and he may testify that he did not suffer from those symptoms prior to the events in suit. He may not put a diagnostic label to those symptoms. Plaintiff appears to understand the limits of how he can testify. *See* Dkt. No. 80. The motion is thus MOOT.

Motion #5: Defendants move *in limine*, Dkt. No. 69, to preclude Plaintiff from introducing testimony from non-parties who have no personal knowledge about his allegations. Plaintiff claims that he cannot respond to the motion until Defendants identify exactly whose testimony they seek to preclude. Plaintiff is correct. The motion is held in abeyance. At the final pre trial conference on April 30, Defendants can identify any third party on the witness list who does not have relevant and competent evidence to present at trial, and the court will rule on the admissibility of that testimony. If no such individuals are identified (and the Plaintiff's witness list consists of himself and four individuals who are or were employed by AWS), I will understand that this is simply one of those time-wasting "belt and suspenders" *in limine* motions that clog the dockets of judges

everywhere for no good reason. Defendants can rest assured that incompetent and irrelevant testimony will not be introduced.

Motion #6: Defendants move *in limine*, Dkt. No. 70, to preclude Plaintiff from proving economic damages. The motion is DENIED.  If the jury believes that Plaintiff failed to take adequate and sufficient steps to mitigate his damages, it will (assuming it follows the court's instructions) not award him any damages.  But this is not a case in which the Plaintiff has entirely failed to look for new work. Defendants don't think he has done enough in that regard, but that presents an issue for the jury.

This constitutes the decision and order of the court.  It is a written decision.

Dated: April 27, 2026

_____

U.S.D.J.

BY ECF TO ALL COUNSEL